UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ELBERT GILBERT,

                    Petitioner,                   Case No. 1:08-cv-743

v.                                       Honorable Robert Holmes Bell

JOHN PRELESNIK,

                    Respondent.
_____/

## OPINION

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Petitioner Elbert Gilbert presently is incarcerated at the Richard A. Handlon Correctional Facility.  In 2006, he pleaded guilty in the Emmet County Circuit Court to three counts of criminal sexual conduct in the third degree, MICH. COMP. LAWS § 750.520d(1)(a), in exchange for the dismissal of six counts of first-degree criminal sexual conduct, three counts of second-degree criminal sexual conduct, and three counts of fourth-degree criminal sexual conduct.  He was sentenced on March 20, 2006, to three concurrent terms of 10 to 15 years.  Petitioner was then appointed appellate counsel, who filed a successful motion for resentencing, but on November 6, 2006, the court resentenced Petitioner to the same prison term.  Petitioner subsequently filed an appeal and a motion for relief from judgment, both of which were unsuccessful.

        In the second amended petition (docket #13), Petitioner raises the following claims:

I.      [PETITIONER] WAS DEPRIVED OF HIS SIXTH AMENDMENT RIGHT TO ASSISTANCE OF COUNSEL IN HIS FIRST-TIER APPEAL FROM HIS PLEA-BASED CONVICTION TO THE COURT OF APPEALS, WHERE APPOINTED

ATTORNEY'S FAILURE TO FILE A NOTICE OF APPEAL AT THE BEHEST OF [PETITIONER] CONSTITUTED A PER SE VIOLATION OF HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.

A.    APPELLATE ATTORNEY WAS INEFFECTIVE PER SIXTH AMENDMENT GUARANTEE, FOR FAILURE TO RAISE IN DIRECT APPEAL THAT [PETITIONER] WAS DEPRIVED OF TRIAL COUNSEL DURING A CRITICAL STAGE OF THE PROCEEDINGS.

II.    DUE PROCESS ENTITLES [PETITIONER] TO WITHDRAW HIS GUILTY PLEA WHERE TRIAL COUNSEL WAS ABSENT DURING A CRITICAL PRETRIAL STAGE OF THE PROCEEDINGS, AND [PETITIONER] RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AND WAS DENIED THE RIGHT TO A FAIR TRIAL: DEFENSE COUNSEL FAILED TO CONSULT WITH HIM IN ANY MEANINGFUL AND ADEQUATE WAY OR "FUNCTION AS AN ADVOCATE FOR [PETITIONER], AS OPPOS[]ED TO A FRIEND OF THE COURT" PRIOR TO MAKING HIS PLEA, AT WHICH TIME COUNSEL FRIGHTENED [PETITIONER] INTO PLEADING GUILTY, COUNSEL FURTHER FAILED TO INVESTIGATE THE LEGAL FACTS SURROUNDING THE UNLAWFUL ARREST OF [PETITIONER].

III.    THE TRIAL COURT ERRED, WHERE IT FAILED TO EXERCISE DISCRETION IN ADDRESSING [PETITIONER'S] TIMELY "NOTICE FOR APPOINTMENT OF ATTORNEY" FOLLOWING HIS RESENTENCING; AND UNCONSTITUTIONALLY EFFECTIVELY DENIED HIM LEGAL COUNSEL ON APPEAL IN LIGHT OF HALBERT V MICHIGAN.

IV.    [PETITIONER'S] FOURTH AND FOURTEENTH AMENDMENT RIGHTS UNDER THE U.S. CONSTITUTION ARTICLE I. SECTION 11, WERE VIOLATED WHERE MICHIGAN STATE TROOPERS DID ENTER HIS HOME WITHOUT SEARCH OR ARREST WARRANT TO EFFECT THE ARREST OF HIS PERSON UNLAWFULLY.

V.    [PETITIONER] WAS DENIED DUE PROCESS OF LAW; WHERE MICHIGAN STATE TROOPERS DELIBERATELY AND METHODOLOGICALLY WITHHELD PRE-MIRANDA[] WARNINGS BEFORE QUESTIONING [PETITIONER] AS A SUSPECT, AFTER WHICH THEY EFFECTED HIS ARREST BASED ON THE INCRIMINATING STATEMENTS HE MADE TO THEM, IN VIOLATION OF HIS FIFTH AMENDMENT PRIVILEGE AGAINST SELF-INCRIMINATION. U.S. CONST. AM V.

VI.   THE TRIAL COURT ERRED, WHERE IT DEPARTED FROM THE SENTENCING GUIDELINES AND SEVERAL OFFENSE VARIABLES WERE MISSCORED AND [PETITIONER] WAS SENTENCED ON THE BASIS OF INACCURATE INFORMATION, AND THE TRIAL COURT FAILED TO GIVE A SUBSTANTIAL OR COMPELLING REASON FOR THE DEPARTURE[,] IN VIOLATION OF THE DUE PROCESS AND EQUAL PROTECTION CLAUSE[S].

(Second Am. Pet. 1-2, docket #13, Page ID##227-28.)

Respondent has filed an answer to the petition (docket #14) stating that the grounds for relief should be denied because they are procedurally defaulted and/or they are meritless.  Upon review and applying the AEDPA standards, the Court agrees that the petition should be denied.

## Background

The state prosecution arose from allegations that Petitioner repeatedly engaged in sexual acts with his daughter's mentally-challenged, 15-year-old friend.  In exchange for dismissal of multiple counts of criminal sexual conduct, Petitioner pleaded guilty to three counts of third-degree criminal sexual conduct.  At his plea hearing, Petitioner acknowledged that he had contact with the victim in Emmet County between July 1 and October 30, 2005.  (Plea Hr'g Tr. 7, docket #23.) According to Petitioner, she stayed overnight at his house on several occasions.  (*Id.* at 9.)  On one occasion, he penetrated her vagina with his penis.  (*Id.* at 8.)  On another occasion, he penetrated her vagina with his finger and his tongue.  (*Id.*)  In addition, he acknowledged that he did the same things to her on other occasions.  (*Id.* at 9.)

At a sentencing hearing on March 20, 2006, the trial court reviewed the scoring of the sentencing guidelines with the prosecutor and Petitioner's counsel.  The court then sentenced Petitioner to 10 to 15 years of imprisonment for each conviction, which was longer than the recommended sentence under the sentencing guidelines.  On September 1, 2006, Petitioner's

appellate counsel filed a motion for resentencing on the basis that the court erred in scoring the sentencing guidelines and assessing costs. The court granted the motion based on an error in the scoring of offense variable 11. Correction of that error reduced the sentencing guidelines range from 57 to 95 months to 45 to 75 months. Nevertheless, on November 7, 2006, the court issued a new sentence with the same prison term, concluding that departure from the guidelines was warranted in Petitioner's case.

Apparently, Petitioner's appellate counsel did not take further action. Over a year later, Petitioner attempted to appeal his conviction and sentence to the Michigan Court of Appeals, but that court rejected his appeal as untimely. He had one year after entry of the November 7, 2006 judgment in which to file a delayed application for leave to appeal, *see* Mich. Ct. R. 7.205(F)(3), but he filed his application on December 13, 2007. Petitioner subsequently filed an application for leave to appeal to the Michigan Supreme Court, but his application was denied.

Petitioner then filed his habeas petition on or about July 21, 2008.[1] Shortly thereafter, this Court determined that none of Petitioner's claims were properly exhausted, so it granted him a stay to allow him to return to state court. Petitioner subsequently filed a motion for relief from judgment with the trial court under Rule 6.508(D) of the Michigan Court Rules. In an opinion and order dated January 22, 2009, that trial court denied the motion because Petitioner failed to establish prejudice as required by Mich. Ct. R. 6.508(D)(3)(b). (1/22/2009 Cir. Ct. Op. & Order, docket #27.)

---

[1]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on July 21, 2008, and it was received by the Eastern District of Michigan on August 4, 2008. Thus, it must have been handed to prison officials for mailing at some time between July 21 and August 4, 2008. The case was later transferred to this Court.

Petitioner appealed the trial court's decision, and both the Michigan Court of Appeals and the Michigan Supreme Court summarily denied leave to appeal because Petitioner failed to meet the burden for establishing entitlement to relief under Mich. Ct. R. 6.508(D).

### Standard of Review

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. *Id.* This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Lopez v. Smith*, 135 S. Ct. 1, 4 (2014). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 132 S. Ct. 38 (2011). Thus, the inquiry is limited to an examination of the legal

landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than it has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). This Court may grant relief under the "unreasonable application" clause "if the state court correctly identifies the governing legal principle from [the Supreme Court's] decisions but unreasonably applies it to the facts of the particular case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Id.* at 410. "[R]elief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question." *White v. Woodall*, 134 S. Ct. 1697, 1706-07 (2014) (quoting *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 784 (2011)).

Where the state appellate court has issued a summary affirmance, it is strongly presumed to have been made on the merits, and a federal court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA. *See Harrington*, 131 S. Ct. at 784; *Werth v. Bell*, 692 F.3d 486, 494 (6th Cir. 2012) (applying *Harrington* and holding that a summary

denial of leave to appeal by a Michigan appellate court is considered a decision on the merits entitled to AEDPA deference).  The presumption, however, is not irrebuttable. *Johnson v. Williams*, 133 S. Ct. 1088, 1096 (2013).  Where other circumstances indicate that the state court has not addressed the merits of a claim, the court conducts *de novo* review.  *See id.* (recognizing that, among other things, if the state court only decided the issue based on a state standard different from the federal standard, the presumption arguably might be overcome); *see also Harrington*, 131 S. Ct. at 785 (noting that the presumption that the state-court's decision was on the merits "may be overcome when there is reason to think some other explanation for the state court's decision is more likely"); *Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question).

The AEDPA requires heightened respect for state factual findings.  *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998).  A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).  Under the foregoing standards, Petitioner is not entitled to relief.

## Discussion

**I.    Appellate counsel failed to file a notice of appeal at Petitioner's request.**

Petitioner first claims that he was deprived of effective assistance of appellate counsel because his appellate counsel failed to file a notice of appeal at his request.  In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel.  To establish such a claim, the petitioner must prove:  (1) that counsel's performance fell below an objective standard of reasonableness; and (2)

that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Id.* at 687-88. When a lawyer "disregards specific instructions from the defendant to file a notice of appeal," the lawyer "acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). Furthermore, in such circumstances, a petitioner need not demonstrate prejudice, because counsel's conduct causes the "denial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right." *Id.* at 483. Instead, the petitioner need only "demonstrate that, but for counsel's deficient conduct, he would have appealed[.]" *Id.* at 486.

Respondent asserts that this claim is procedurally defaulted because Petitioner did not fairly present it in state court. Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Fair presentation has a substantive component and a procedural component. With regard to substance, the petitioner "must include a reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 163 (1996). In addition, the claim must be presented to the state courts under the same

- 8 -

theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). "Even the same claim, if raised on different grounds, is not exhausted for the purpose of federal habeas review." *Rayner v. Mills*, 685 F.3d 631, 643 (6th Cir. 2012). It is not enough that all the facts necessary to support a federal claim were before the state court or that a somewhat similar claim was made. *See Anderson*, 459 U.S. at 6; *see also Duncan*, 513 U.S. at 366 (mere similarity of claims is insufficient to exhaust). With regard to procedure, "[t]he fair presentation requirement is not satisfied when a claim is presented in a state court in a procedurally inappropriate manner that renders consideration of its merits unlikely." *Black v. Ashley*, No. 95-6184, 1996 WL 266421, at *1-2 (6th Cir. May 17, 1996) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1998)). Thus, for instance, presentation of an issue for the first time on discretionary review to the state's supreme court does not fulfill the "fair presentation" requirement. *Castille*, 489 U.S. at 351.

Of course, exhaustion is only an issue if the petitioner has an available remedy to present his claim. Here, Petitioner does not have an available remedy. Under Michigan Court Rule 6.502(G)(1), a criminal defendant in Michigan is only permitted to file one post-conviction motion for relief from judgment. Petitioner has already filed a motion for relief from judgment; thus, he cannot file another one to exhaust any unexhausted claims. In these circumstances, any claims that were not properly presented in the state courts are procedurally barred, unless the petitioner can show cause and prejudice. *Cone v. Bell*, 243 F.3d 961, 967 (6th Cir. 2001), *rev'd on other grounds*, 535 U.S. 635 (2002); *see Paffhousen v. Grayson*, No. 00-1117, 2000 WL 1888659, at *2 (6th Cir. Dec. 19, 2000) (petitioner procedurally defaulted claims that were raised in a Rule 6.500 because he did not appeal the denial of that motion). "A petitioner's *pro se* status and ignorance of his rights do not

excuse his failure to raise grounds before the state courts." *Bechtol v. Prelesnik*, 568 F. App'x 441, 448 (6th Cir. 2014).

In the motion for relief from judgment, Petitioner claimed that he was deprived of the effective assistance of appellate counsel; he did not specifically claim that his appellate counsel was ineffective for failing to file a notice of appeal at his request.  Instead, he focused on specific issues that his counsel should have raised on appeal.  In the motion, the heading of Petitioner's claim read as follows:

> APPELLATE COUNSEL MADE SERIOUS MISTAKES AND WAS CONSTITUTIONALLY INEFFECTIVE ON APPEAL, WHERE SHE: FAILED TO RAISE A CHALLENGE TO DEFENDANT'S CONVICTION PER REQUEST REGARDING GROUNDS THAT[] THERE WERE SEVERAL INFRACTIONS AGAINST HIS CONSTITUTIONAL LIBERTIES DURING HIS ARREST IN HIS HOME; SHE FAILED TO CONDUCT AN INVESTIGATION INTO THE LEGALITY OF DEFENDANT'S ARREST; VIOLATION OF MIRANDA[] RIGHTS; AND THE ILLEGAL TAINT THAT PERSISTED.  SHE FAILED TO CHALLENGE TRIAL COUNSEL'S EFFECTIVENESS DURING THE PLEA AND SENTENCING PHASE OF DEFENDANT'S TRIAL, AND DURING THE CRITICAL PRE-TR[IA]L STAGE; APPELLATE COUNSEL WAS INEFFECTIVE[] WHERE SHE FAILED TO FILE A MOTION PURSUANT TO GINTHER, IN REGARDS TO TRIAL COUNSEL'S DEFICIENT PERFORMANCE THAT FELL FAR BELOW AN OBJECTIVE STANDARD OF REASONABLENESS, AND ESTABLISH A FACTUAL RECORD FOR HABEAS CORPUS REVIEW . . . .

(Def.'s Mot. for Relief from J., docket #32-1, Page ID#414.)  This heading alludes to a "request" by Petitioner to raise certain claims on appeal, but the body of the motion did not develop any facts regarding this request, nor did it cite any case law that would have alerted the state court to Petitioner's claim that counsel was ineffective *per se* for failing to abide by his request.  An

"undeveloped allusion[]" to a claim does not satisfy the fair presentation requirement. *Vasquez v. Jones*, 496 F.3d 564, 568 (6th Cir. 2007).

An unsworn statement attached to Petitioner's motion for relief from judgment provided some additional details regarding his appellate counsel's conduct, but this statement also failed to provide the factual basis for Petitioner's claim:

> [She] asked me how would I like her to proceed . . . and what issues if any I would like her to proceed with on leave to appeal.
>
> . . . I indicated . . . that I would like to withdraw my guilty plea, because it was not a conscious and voluntary choice of my own, but that it was coerced by my trial counsel who did nothing for [me] while [I] was detained in the Charlevoix County Jail, and would not come to see [me]. I inform[ed] her that I would like her to raise the issues of the police violating my Miranda Rights and coming into my house abusing me and arresting me without a warrant.
>
> . . . [She] responded by advising me that I would most likely receive additional charges and a longer sentence if I would withdraw my plea; [t]hat the sentencing guidelines were scored too high and trial counsel failed to object to the over scoring and to the unlawful court cost assessment by the court. [She] told me that she could get a resentencing in the case and some time cut off because of the departure from my guidelines, that was her specialty; and that she had no intentions of motioning for withdrawal of my plea.

(Supporting Aff., docket #32-1, Page ID##456-57.) The foregoing statement indicates that Petitioner consulted with his appellate counsel and expressed an interest in contesting his conviction on appeal; it does not indicate that he *expressly instructed* her to file one. *See Flores-Ortega*, 528 U.S. at 478 ("If counsel has consulted with the defendant . . . [c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's *express instructions* with respect to an appeal.") (emphasis added). This distinction is important because counsel is *not* ineffective *per se* for failing to file an appeal when the defendant has merely expressed an interest in pursuing one. *See Regalado*

*v. United States*, 334 F.3d 520, 525-26 (6th Cir. 2003) (attorney's performance not deficient when client expressed a desire to appeal, but did not expressly instruct her attorney to do so); *Johnson v. United States*, 364 F. App'x 972, 976-77 (6th Cir. 2010) ("Because Grant consulted with Johnson and Johnson never gave express instructions to file an appeal, *Flores-Ortega* compels the conclusion that Grant's actions were objectively reasonable."). Indeed, Petitioner's statement does not indicate how he responded to her comments; thus, it leaves the impression that he accepted her advice not to undo his plea. In short, because Petitioner did not provide the relevant factual or legal basis for his claim, he did not give the trial court an adequate opportunity to address it.

In contrast, when Petitioner sought leave to appeal the denial of his motion, he divided his claim of ineffective assistance of appellate counsel into two parts, as he does in his amended petition. (*See Def.-Appellant's Br. in Supp. of Delayed Appl. for Leave to App.*, docket #27.) In the first part, he asserted that counsel failed to file a notice of appeal at his request (*id.* at 3), and he argued that he did not need to demonstrate prejudice because his counsel's conduct was a *per se* violation of the Sixth Amendment (*id.* at 5-7). Thus, he added new facts (counsel failed to file a notice of appeal at his request) and a new legal theory (because counsel's assistance was ineffective *per se*, Petitioner did not need to show prejudice) that were not present in his motion for relief from judgment. Presentation of his claim in this manner was procedurally inappropriate, however. As a general rule, appellate courts in Michigan will not consider an issue raised for the first time on appeal. *Trail Clinic, P.C. v. Bloch*, 319 N.W.2d 638, 643 (Mich. Ct. App. 1982). Issues that are not raised in the trial court are not preserved for review on appeal. *People v. Anderson*, No. 260926, 2006 WL 2956279, at *2 (Mich. Ct. App. Oct. 17, 2006). Review of unpreserved constitutional issues is discretionary. *Labeau v. Figula*, No. 223754, 2001 WL 1512059, at *6 n.5

(Mich. Ct. App. Nov. 27, 2001) (citing *People v. Carines*, 597 N.W.2d 130 (Mich. 1999)). Applying the logic of *Castille* and *Black*, presenting a claim for the first time on appeal from the denial of a motion for relief from judgment does not constitute fair presentation because "consideration of its merits [is] unlikely." *Black*, 1996 WL 266421, at *1. Unless leave to appeal is granted and the claim is actually reviewed, it is not exhausted. In Petitioner's case, there is no indication that the Michigan Court of Appeals or the Michigan Supreme Court reviewed this claim; instead, they summarily denied his applications for leave to appeal. Consequently, his claim is procedurally defaulted unless he can demonstrate cause and prejudice for his failure to properly raise it in state court. Petitioner does not allege, let alone show, cause to excuse his default. In the absence of cause, it is unnecessary for the Court to reach the issue of prejudice. *Smith v. Murray*, 477 U.S. 527, 533 (1986).

   A petitioner who has procedurally defaulted a claim can overcome that default by demonstrating that lack of federal habeas review will result in a fundamental miscarriage of justice. *See House v. Bell*, 547 U.S. 518, 536 (2006); *Murray v. Carrier*, 477 U.S. 478, 495 (1986). The miscarriage-of-justice exception only can be met in an "extraordinary" case where a prisoner asserts a claim of actual innocence based upon new reliable evidence. *House*, 547 U.S. at 536. The petitioner must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Here, Petitioner pleaded guilty to the charges against him. He does not contend that he is actually innocent of those charges. Consequently, Ground I will be dismissed because it is procedurally barred.

**I.A.    Appellate counsel failed to raise issue of deprivation of trial counsel at a critical state of the proceedings.**

Next, Petitioner claims that his appellate counsel was ineffective for failing to raise the fact that Petitioner was deprived of the assistance of trial counsel at a critical stage of his proceedings.  Petitioner contends that his trial counsel failed to investigate a possible defense for Petitioner and neglected to visit or consult with Petitioner in "any meaningful and constitutionally adequate way" prior to Petitioner's plea hearing.  (Second Am. Pet. 15, docket #13.)

As indicated, the trial court denied this claim, and then the Michigan Court of Appeals and Michigan Supreme Court summarily denied leave to appeal.  The Sixth Circuit has held that form orders citing Rule 6.508(D), like those issued by the Michigan appellate courts in Petitioner's case, are "unexplained."  *Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010).  Thus, this Court must look to the "last reasoned state court opinion" to determine the basis for rejection of the claim.  *Id.*  "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."  *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).  In Petitioner's case, the "last reasoned state court opinion" is the one issued by the trial court.  Consequently, this Court looks to that opinion to determine the state court's basis for rejection of his remaining claims.

In its opinion, the trial court first noted the cause-and-prejudice standard for relief under Mich. Ct. R. 6.508(D)(3) for claims that were not raised on direct appeal from the conviction.  The court then rejected the claim of ineffective assistance of appellate counsel for the following reasons:

> Defendant argues in his postappeal motion that officers illegally entered his home, interrogated him in violation of *Miranda v Arizona*, and illegally

- 14 -

arrested him.  He further argues that trial counsel was ineffective for failing to raise these matters and for failing to meet with him in jail and to investigate and prepare a defense.

A guilty plea waives all "nonjurisdictional" defects.  After pleading guilty, Defendant may raise only defenses and rights that would preclude the state from obtaining a valid conviction against him.  Defenses and rights which relate solely to the state's capacity to prove his factual guilt are waived.  *People v New, 427 Mich 482; 398 NW2d 358 (1986).*

The above arguments are not "jurisdictional."  Thus, they are waived by his guilty plea.  None of these circumstances, even if true, constitute an irregularity so offensive to the maintenance of sound judicial process, that Defendant's conviction should not be allowed to stand.

Defendant further argues that appellate counsel was ineffective for failing to raise the issues of the alleged Miranda violation and the ineffectiveness of trial counsel.  Since these issues were waived by Defendant's guilty plea, appellate counsel was not ineffective for failing to raise them.

. . .

No issue regarding appellate counsel could render [Defendant's] plea involuntary, nor does this Court view such a matter as one which is so offensive to sound judicial process that his conviction should not be allowed to stand.  Therefore, no prejudice as been shown.

(1/22/2009 Cir. Ct. Op. & Order 2-3, docket #27.)

The state court's decision was not contrary to, or an unreasonable application of, clearly established law.  "On an appeal of right, a criminal defendant is entitled to effective assistance of appellate counsel."  *Evans v. Hudson*, 575 F.3d 560, 564 (6th Cir. 2009).  To succeed on his claim, Petitioner must demonstrate prejudice under the *Strickland* standard, which requires "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  *Smith v. Robbins*, 528 U.S. 259, 286 (2000) (quoting *Strickland*, 466 U.S. at 694).  Where, as here, appellate counsel failed to file a brief on appeal, Petitioner "must show

- 15 -

a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal." *Id.* at 285.  Petitioner cannot make that showing because, for the reasons set forth *infra* with regard to Ground II, the issue that Petitioner sought to raise on appeal was waived by his plea.[2]  Consequently, Petitioner cannot demonstrate that the outcome of his proceedings would have been different.  Accordingly, Ground I.A of the petition is meritless.

## II.  Trial counsel was not available at a critical stage of the proceedings.

Petitioner contends that he was deprived of due process and the effective assistance of counsel because his trial counsel was effectively absent during a critical stage of proceedings. Specifically, Petitioner contends that counsel failed to consult with him in any meaningful and adequate way or function as an advocate prior to the plea, frightened Petitioner into pleading guilty, and failed to investigate the facts surrounding Petitioner's unlawful arrest.

Because the judgment against Petitioner rests on a guilty plea, he must show that counsel's performance affected the outcome of the plea process.  In other words, he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

As indicated *supra*, the state court rejected Petitioner's claim because it was waived by his guilty plea.  In Michigan, courts recognize that "one effect of a guilty plea is to preclude a defendant from challenging constitutional violations alleged to have occurred before the plea."

---

[2]In his motion for relief from judgment, Petitioner contended that appellate counsel should have raised additional claims, including those challenging the validity of the search, arrest and interrogation.  (*See* Mot. for Relief from J. 7, docket #32-1.)  In his amended petition, however, Petitioner asserts only that his appellate counsel should have raised a claim regarding the ineffective assistance of trial counsel.  Nevertheless, even if the Court analyzes the claim as it was presented in the motion for relief from judgment, the result is the same.  Petitioner waived any challenge to the validity of the search, arrest and interrogation when he pleaded guilty.  Thus, Petitioner suffered no prejudice when his counsel failed to raise those claims on appeal.

*People v. New*, 398 N.W.2d 358, 360 (Mich. 1986).  This rule derives from a line of Supreme Court decisions recognizing that

> a guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  In *Menna v. New York*, 423 U.S. 61 (1975), the Court further explained that

> a counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case. In most cases, factual guilt is a sufficient basis for the State's imposition of punishment. A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction, if factual guilt is validly established.

*Id.* at 62 n.2.  Thus, most constitutional violations occurring prior to an unconditional guilty plea cannot be used to attack the conviction.  The only such violations that may be raised are those that attack the court's jurisdiction and those that concern "the voluntary and intelligent character of the plea itself."  *Werth v. Bell*, 692 F.3d 486, 495 (6th Cir. 2012).

As the state court held, Petitioner's claim does not challenge the state court's jurisdiction.  If anything, it challenges the validity of his plea, because it implies that Petitioner's decision to plead guilty was not a knowing or voluntary one.  The state court briefly addressed this issue, noting that "[n]othing in [Petitioner's] motion asserts that his plea was involuntary.  The plea transcript clearly demonstrates that the plea was voluntary."  (1/22/2009 Cir. Ct. Op. & Order 2, docket #27 (footnote omitted).)

- 17 -

Broadly speaking, the test for determining a guilty plea's validity is "'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill*, 474 U.S. at 56 (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). A plea not voluntarily and intelligently made has been obtained in violation of due process and is void. *See McCarthy v. United States*, 394 U.S. 459, 466 (1969). In determining whether a plea is valid, courts must look to "all of the relevant circumstances surrounding it," *Brady v. United States*, 397 U.S. 742, 749 (1970), and may consider such factors as whether there is evidence of factual guilt.

Several requirements must be met in order for a plea to be a voluntary and intelligent choice. The defendant pleading guilty must be competent, *see Brady*, 397 U.S. at 756, and must have notice of the nature of the charges against him, *see Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976). Also, the plea must not be the product of "actual or threatened physical harm, or . . . mental coercion overbearing the will of the defendant" or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel. *Brady*, 397 U.S. at 750; *Machibroda v. United States*, 368 U.S. 487, 493 (1962) ("A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void."). In addition, the defendant must understand the consequences of his plea, including the nature of the constitutional protections he is waiving. *Henderson*, 426 U.S. at 645 n.13; *Brady*, 397 U.S. at 755; *Machibroda*, 368 U.S. at 493 ("Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences.") (internal quotations and citation omitted). Finally, the defendant must have available the advice of competent counsel. *Tollett*, 411 U.S. at 267–68; *Brady*, 397 U.S. at 756. The advice of competent counsel exists as a safeguard to ensure that pleas

- 18 -

are voluntarily and intelligently made. *Cf. Henderson*, 426 U.S. at 647 ("[I]t may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit.").

Petitioner does not argue that he was incompetent, that he lacked notice of the charges against him, or that he did not understand the consequences of his plea. Indeed, at his plea hearing, he testified that he discussed an "advice of rights form" with his attorney prior to entering his plea. (Plea Hr'g Tr. 5, docket #23.) He also testified that he understood the advice-of-rights form and the rights he would be waiving, and that he signed the form voluntarily. (*Id.* at 5-6.) In addition, he acknowledged that he understood the plea agreement, the nature of the offense to which he was pleading guilty, and the maximum penalty for that offense. (*Id.* at 4-6.) Thus, the record indicates that Petitioner entered into the plea with notice of the charges and knowledge of the consequences.

Furthermore, Petitioner does not demonstrate that the plea was involuntary. He claims that counsel frightened him into pleading guilty, but at the plea hearing, the court specifically asked him whether "anyone threatened you in any way or has promised you anything besides the plea agreement to make you wish to plead guilty," and he responded, "No, your Honor." (*Id.* at 6-7.) He also testified that it was his own choice to plead guilty. (*Id.* at 7.) Thus, as the state court held, the record amply demonstrates that his decision to plead guilty was a voluntary one.

Petitioner complains that counsel was effectively absent prior to his plea, and failed to consult with him, but the record indicates otherwise. Petitioner testified that he discussed his plea with counsel before the hearing, and that he was aware of the charges and the relevant consequences. Even if his consultation with counsel was a brief one, Petitioner does not indicate what relevant information, if any, he lacked before making the plea. In short, Petitioner does not point to any facts

- 19 -

indicating that his trial counsel's allegedly ineffective assistance prior to the plea hearing undermined the validity of his plea. Thus, as the state court held, any other deficiencies in trial counsel's performance prior to the plea hearing (*e.g.*, the failure to investigate the legality of Petitioner's arrest or to move for suppression of evidence illegally obtained from Petitioner) were waived by the plea. Accordingly, Ground II of the amended petition is without merit.

### III. Trial court failed to appoint counsel after resentencing.

Petitioner also claims that the trial court erred by failing to address his motion for appointment of counsel after resentencing, which effectively deprived him of the assistance of counsel on appeal. The state court denied this claim based on its assessment of the record:

> Defendant's postappeal motion claims that the Court filed to address his request for appointment of appellate counsel after the resentencing. This Court appointed appellate counsel for Defendant following his initial sentencing. An Order dated May 4, 2006 appointed the State Appellate Defender Office to represent Defendant. There was no order terminating this appointment following resentencing, nor was there a further request for counsel from Defendant as he now claims.

(1/22/2009 Cir. Ct. Op. & Order 3, docket #27.) In other words, the state court determined that Petitioner was not deprived of counsel because it appointed appellate counsel for him after his initial sentencing, and that appointment was never terminated. In addition, Petitioner did not make a further request for counsel after resentencing. Under the AEDPA, these factual findings are presumed to be correct, and Petitioner has the burden of rebutting their correctness with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). He has not satisfied this burden. Consistent with the state court's findings, the docket sheet for his criminal proceedings shows that he was appointed appellate counsel by an order entered on May 5, 2006. (*See* Case Register of Actions, docket #22.) It does not show any termination of that appointment, or any motions filed by Petitioner following

- 20 -

his resentence, except for his motion for relief from judgment and a related motion for an evidentiary hearing, both of which were filed after his direct appeal was dismissed.  (*Id.*)  Petitioner asserts that he filed a motion for appointment of appellate counsel via first-class mail, and that the trial court failed to address this and other motions, but this assertion is unsupported any evidence, let alone clear and convincing evidence that contradicts that state court's findings.  Consequently, the foregoing claim is meritless.

### IV & V.  Police illegally searched, arrested and interrogated Petitioner.

In Ground IV, Petitioner claims that Michigan state police officers unlawfully entered his home and arrested him without a warrant, violating his rights under the Fourth and Fourteenth Amendments.  In Ground V, he claims that police officers improperly questioned him before giving him a *Miranda* warning, thereby violating his right against self-incrimination.  He also asserts that his trial counsel was ineffective for failing to raise these issues before the plea.

Petitioner does not explain how any of the foregoing claims undermine the validity of his conviction.  The state court correctly determined that they were waived by his guilty plea.  *See Tollett*, 411 U.S. at 267; *New*, 398 N.W.2d at 362-63; *see also People v. Jones*, 314 N.W.2d 654 (Mich. Ct. App. 1981) (challenge to the seizure of evidence is waived by a guilty plea); *People v. Ferrigan*, 302 N.W.2d 855, 857 (Mich. Ct. App. 1981) (challenges to a search and illegally-obtained confession are waived by a guilty plea); *People v. Savage*, 181 N.W.2d 576, 577 (Mich. Ct. App. 1970) (challenge to an arrest is waived by a guilty plea).  Thus, the state court's resolution of Grounds IV and V was neither contrary to, nor an unreasonable application of, clearly established federal law.

- 21 -

### VI.  Trial court improperly sentenced Petitioner.

In Ground VI, Petitioner asserts several claims with regard to his sentence, including: (1) improper scoring of sentencing variables; (2) failure by the trial court to give substantial and compelling reasons for departing from the sentencing guidelines; (3) sentencing on the basis of inaccurate information; (4) a sentence enhancement based on an invalid prior conviction; and (5) a sentence enhancement based on facts found by the judge rather than a jury.

### A.  Improper scoring of sentencing variables

Petitioner claims that the trial court erred in sentencing him when it mis-scored offense variables 4, 10, 11, and 13.  Petitioner did not raise any challenge to the scoring of offense variable 4 on direct appeal from his conviction or in his motion for relief from judgment, and he does not assert cause for failing to do so; thus, that claim is procedurally barred.

The state court rejected the challenges to the scoring of offense variables 10, 11 and 13 as meritless (*see* 1/22/2009 Cir. Ct. Op. & Order 3-4, docket #27); this Court will not disturb that finding.  A challenge to the state court's scoring of sentencing variables under the Michigan sentencing guidelines presents an issue of state law and, as such, it is not cognizable in this action. A federal court may grant habeas relief solely on the basis of federal law; it has no power to intervene on the basis of a perceived error of state law.  28 U.S.C. § 2254(a); *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).  A violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'"  *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003); *see also Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004) (a habeas court "will not set aside, on allegations of unfairness or an abuse of discretion, terms of a sentence that is within

state statutory limits unless the sentence is so disproportionate to the crime as to be completely

arbitrary and shocking.") (citation omitted).  However, Petitioner's sentences are not so egregious

or disproportionate to his crimes as to be arbitrary or shocking.  Federal courts generally do not

review a sentence for a term of years that falls within the limits prescribed by the state legislature.

*Hutto v. Davis*, 454 U.S. 370, 373–74 (1982); *see Austin v. Jackson*, 213 F.3d 298, 301–02 (6th Cir.

2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas

relief); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines

establish only rules of state law).  Here, Petitioner was sentenced to three concurrent terms of 10 to

15 years for three counts of third-degree criminal sexual conduct.  Those terms are within the limits

allowed by Michigan law.  *See* Mich. Compl. Laws § 750.520d(2) (prescribing punishment by

imprisonment for not more than 15 years).

### B.  Failure to give substantial and compelling reasons for sentence

Petitioner also claims that the state court failed to give substantial and compelling

reasons for issuing a sentence that departed from the state sentencing guidelines.  The requirement

to give such reasons derives from state, not federal, principles.  As explained in *People v. Lucey*, 787

N.W.2d 133 (Mich. Ct. App. 2010),

> a trial court is generally required to impose a minimum sentence in accordance with
> the appropriate sentence range. MCL 769.34(2).  A court may depart from the range
> set forth in the guidelines if it states on the record a substantial and compelling
> reason for doing so. MCL 769.34(3); *People v. Harper*, 479 Mich. 599, 616, 739
> N.W.2d 523 (2007).

*Lucey*, 787 N.W.2d at 136-37.  Petitioner has "no federal constitutional right to be sentenced within

Michigan's guideline minimum sentence recommendations."  *Doyle*, 347 F. Supp. 2d at 485.

Similarly, he does not have constitutional right to have the state court give substantial and compelling reasons for departing from those guidelines. Thus, Petitioner's claim is meritless.

### C. Sentencing based on inaccurate information

Petitioner also claims that the state court sentenced him on the basis of inaccurate information. A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude. *Roberts v. United States*, 445 U.S. 552, 556 (1980); *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *Townsend v. Burke*, 334 U.S. 736, 741 (1948). Due process requires that a defendant be "afforded the opportunity of rebutting derogatory information demonstrably relied upon by the sentencing judge, if such information can in fact be shown to have been materially false." *Collins v. Buchkoe*, 493 F.2d 343, 345 (6th Cir. 1974). To prevail on such a claim, the petitioner must show, at a minimum, (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447. Although Petitioner contends that he was sentenced on the basis of inaccurate information, he fails entirely to demonstrate that any facts found by the court at sentencing were materially false, let alone that his sentence is based on such facts.

### D. Improper enhancement based on invalid prior conviction

Petitioner further claims that the trial court improperly enhanced his sentence by relying on an invalid prior conviction. According to Petitioner, the prior conviction is invalid because he was not appointed counsel to assist him in appealing it, as required by *Halbert v. Michigan*, 545 U.S. 605 (2005). In *Halbert*, the Supreme Court held that indigent defendants who seek access to first-tier review in the Michigan Court of Appeals are entitled to appointment of counsel, even where the conviction is based on a plea of guilty or *nolo contendere*. *Id.* at 623-24.

Like Ground I of the petition, however, this claim is barred because Petitioner raised it for the first time in his appeal from the denial of his motion for relief from judgment.  He did not raise it on direct appeal from his conviction or in his motion for relief from judgment, and he does not assert cause for failing to do so.

E. <u>Improper enhancement based on facts found by the judge</u>

Petitioner claims that his sentence was improperly enhanced based on facts found by the trial judge rather than a jury, citing *Blakely v. Washington*, 542 U.S. 296 (2004).  *Blakely* concerned the State of Washington's determinate sentencing system, which allowed a trial judge to elevate the maximum sentence permitted by law on the basis of facts not found by the jury but by the judge.  Applying the Washington mandatory sentencing guidelines, the trial judge in that case found facts that increased the maximum sentence faced by the defendant.  The Supreme Court found that this scheme offended the Sixth Amendment, because any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt.  *Id.* at 301 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

The foregoing claim is barred because Petitioner failed to raise it on direct appeal or in his motion for relief from judgment, and he does not allege cause for failing to do so.  Furthermore, it is without merit because *Blakely* does not apply to Petitioner's sentence.  Unlike the State of Washington's determinate sentencing system, the State of Michigan has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum term.  The maximum sentence is not determined by the trial judge, but is set by law. *See People v. Drohan*, 715 N.W.2d 778, 789-91 (Mich. 2006) (citing MICH. COMP. LAWS § 769.8).  Only the minimum

sentence is based on the applicable sentencing guideline range. *Id.*; *see People v. Babcock*, 666 N.W.2d 231, 236 n.7 (Mich. 2003) (citing MICH. COMP. LAWS § 769.34(2)).  The Sixth Circuit authoritatively has held that the Michigan indeterminate sentencing system does not run afoul of *Blakely*.  *See Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009).

**Conclusion**

In summary, the Court finds that Petitioner's claims are either meritless or procedurally defaulted, or both. Consequently, the petition will be denied.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.* at 467.  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims.  *Id.*  The Court finds that

reasonable jurists would not find that the Court's assessment of the merits of Petitioner's claims is debatable or wrong.

The Court denied some of Petitioner's claims on procedural grounds. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed Petitioner claims on the basis of procedural default. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Date:   <u>February 11, 2015</u>                    <u>/s/ Robert Holmes Bell</u>
                                                    ROBERT HOLMES BELL
                                                    UNITED STATES DISTRICT JUDGE